**THE LT-233.**

**THE LEHIGH VALLEY NO. 477.**
**LEHIGH VALLEY R. CO. v.**
**UNITED STATES.**

**No. A-16801.**

District Court, E. D. New York.

Feb. 16, 1946.

280

Pyne & Lynch, of New York City (Warner Pyne, of New York City, of counsel), for libelant.

T. Vincent Quinn, U. S. Atty., of Brooklyn, N. Y. (Leo J. Curren, Sp. Asst. to U. S. Atty., of New York City, of counsel), for respondent.

BYERS, District Judge.

The exceptions filed January 29, 1946, to the report of the Special Commissioner filed January 24, 1946, are overruled and the report is confirmed in all respects, and his fees are fixed at the sum of $400.00 to be taxed in the usual way.

Exceptions 1 and 2 are to the award of interest at the rate of 4%, upon the theory that the fact that the offending tug was owned and operated merchantwise by the United States Army on January 19, 1943, brought her within the Suits in Admiralty Act for Merchant Vessels, Title 46 U.S. C.A. §§ 741–745.

The evidence as to the exclusive nature of her activities and calling left no alternative, and the discussion of the subject in the report is persuasive.

Exceptions 3 to 12, inclusive, are addressed to the Commissioner's resolution of such conflicts in the testimony of the opposing witnesses as were actually presented, in favor of the libelant's showing as to the nature and extent of the damages sustained by its lighter. The question was relatively simple and seems to have created an unnecessarily prolix record of 500 pages, which is bulky rather than weighty in discursive content. The Commissioner is a seasoned trial lawyer in causes in the Admiralty, and his capacity to recognize credible testimony, when he observed it, and to keep his attention fixed upon the true issues in spite of verbose efforts to divert him, are convincingly revealed in this record and in his report.

An examination of the relevant portions of the record entirely supports his conclusion, so far as this Court is concerned. The report is not only presumptively correct under the rules (Admiralty Rule 43½, 28 U.S.C.A. following section 723) but has been reviewed as required, and is hereby adopted.

Exceptions 13 and 14 criticize the Commissioner's failure to agree with the arguments made for the respondent. If they add anything to the prior exceptions, I have been unable to discover it.

The respondent's citation to Kindorf's testimony on page 18 of the brief filed with the Commissioner, of which a carbon copy has been submitted to the Court, is not verified by the record.

Exceptions overruled. Settle order, including award of Commissioner's fees.